## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:20–CR–21 |
| vs. | **MEMORANDUM AND ORDER REFERRING DEFENDANT'S CHANGE OF PLEA BACK TO THE MAGISTRATE JUDGE IN ACCORDANCE WITH NECRIMR 11.2(D)** |
| KEVIN C. JOHNSON, | |
| Defendant. | |

This matter is before the Court on the magistrate judge's Findings and Recommendation, Filing 110, recommending that the Court accept Defendant's plea of guilty to Count III of the Indictment. There are no objections to the Findings and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 11.2(d), the Court has conducted a *de novo* review of the record and will refer this matter back to the magistrate judge in accordance with NECrimR 11.2(d) for the reasons set forth in this Order.

### I.     BACKGROUND

The Grand Jury returned a four-count Indictment against the Defendant on January 23, 2020. Filing 1. The Defendant subsequently entered into a plea agreement that was signed by counsel for the Government on September 12, 2023. Filing 113 at 6. This plea agreement requires the Defendant "to plead guilty to Count III of the Indictment." Filing 113 at 1. In exchange for the Defendant's plea of guilty to Count III, the Government has agreed that it "will move to dismiss Counts I, II, and IV at the time of sentencing" and that, subject to limited exceptions, "the defendant will not be federally prosecuted in the District of Nebraska for any drug trafficking crimes as disclosed by the discovery material delivered to the defendant's attorney as of the date [the plea agreement] is signed by all parties[.]" Filing 113 at 1.

Count III of the Indictment charges the Defendant with violating 21 U.S.C. §§ 841(a)(1) and (b)(1). Filing 1 at 2. Specifically, Count III alleges that the Defendant "did knowingly and intentionally distribute a detectable amount of a mixture or substance containing a detectable amount of cocaine base (i.e., 'crack cocaine'), its salts, optical and geometric isomers and salts of its isomers, a Schedule II controlled substance." Filing 1 at 2. However, Count III goes on to state:

> Before Defendant KEVIN C. JOHNSON committed the offense charged in this Count, he had a final conviction for a serious drug felony, namely a conviction under Neb. Rev. Stat. 28-416 for which he served more than 12 months of imprisonment related to that offense within 15 years of the commencement of the instance offense.

Filing 1 at 2.

The Defendant's plea agreement, made pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, provides that "the defendant shall receive a sentence of four (4) months' incarceration and shall receive credit for that time already served." Filing 113 at 1. The plea agreement goes on to state, "Defendant shall also receive a term of supervised of [*sic*] five (5) years. Filing 113 at 3. The Court understands this provision of the plea agreement to be referring to a five-year term of supervised release.[1]

The plea agreement does not address the language in Count III of the Indictment relating to the Defendant's prior conviction for a serious drug felony under Neb. Rev. Stat. § 28-416. *See generally* Filing 113. During the change of plea hearing that was held on September 12, 2023, the magistrate judge advised the Defendant that his plea of guilty to Count III carried a possible "maximum term of imprisonment of 20 years, a fine of not more than $1 million, or both such imprisonment and a fine, a supervised release term of at least 3 years and up to life . . . in addition to any term of imprisonment, [a] special assessment of $100" as well as the possibility that he may

---

[1] During the change of plea hearing, counsel for the Government described this term of his plea agreement as stating that the Defendant "shall then receive a term of supervised release of five years." Filing 116 at 14.

be ineligible for certain federal benefits and could be subject to restitution or ordered to forfeit property. Filing 116 at 1, 7–8. Counsel for the Government and counsel for the Defendant agreed that these were the applicable statutory penalties. Filing 116 at 8. Neither party addressed the language in Count III of the Indictment relating to the Defendant's prior state court conviction. *See generally* Filing 116. When Counsel for the Government was asked to recite a factual basis for the plea, he made no mention of the Defendant's prior state court conviction. Filing 116 at 19.

## II.   DISCUSSION

Where 21 U.S.C. § 841(b)(1)(C) applies, it generally provides for a 20-year maximum term of imprisonment and a three-year minimum term of supervised release when the offense involves a schedule II controlled substance. *See* 21 U.S.C. § 841(b)(1)(C). However, this statutory provision contains several exceptions that can alter the penalty landscape. *See id*. One such exception is where a "person commits such a violation after a prior conviction for a felony drug offense has become final[.] *Id*. In such situations, the defendant is instead subject "to a term of imprisonment of not more than 30 years" and "a term of supervised release of at least 6 years in addition to such term of imprisonment." *Id*.[2] The problem here is the Defendant was advised of his penalty landscape as if Count III made no mention of the prior state court conviction that is alleged.

If the parties had agreed to strike this problematic language from Count III in the plea agreement of if they had otherwise resolved this matter at the change of plea hearing, the Court would likely be able to accept the Defendant's plea of guilty. However, because the plain terms of the plea agreement state that the Defendant will plead guilty to Count III of the Indictment without limitation or exception, *see* Filing 113 at 1, the Court cannot accept his plea of guilty at this time.

---

[2] The maximum authorized fine also increases where the defendant has a prior felony drug conviction. *See* 21 U.S.C. § 841(b)(1)(C) (permitting "a fine not to exceed the greater of twice that authorized in accordance with the provisions of Title 18 or $2,000,000 if the defendant is an individual").

Count III of the Indictment currently alleges that the Defendant had a prior conviction for a serious drug felony in state court before he committed the instant offense. Filing 1 at 2. The Defendant was specifically asked at the change of plea hearing whether "this written plea agreement contain[ed] all the terms, conditions, and promises of your agreement with the Government in this case" and the Defendant responded, "Yes." Filing 116 at 14.

Therefore, he is subject to the enhanced penalties provided for in 21 U.S.C. § 841(b)(1)(C). This includes a maximum term of 30 years imprisonment—not 20—and a potential fine of up to $2,000,000—not $1,000,000. *See* 21 U.S.C. § 841(b)(1)(C). Most problematic, however, is the fact that the Defendant is subject to a 6-year term of supervised release. *See* 21 U.S.C. § 841(b)(1)(C). The Defendant was not only advised that he was subject to a statutory minimum three-year term of supervised release, but his Rule 11(c)(1)(C) plea agreement further states that he would be subject to a five-year term of supervised release—one year below the mandatory minimum. Although the Court surmises that the parties likely intended to dismiss this additional language in Count III of the Indictment pertaining to the Defendant's prior state court conviction, without anything in the record to confirm this the Court cannot accept the Defendant's plea of guilty at this time. The Court will therefore refer this matter back to the magistrate judge for resolution in accordance with NECrimR 11.2(d).

IT IS ORDERED:

1. Defendant's plea of guilty to Count III is not accepted at this time; and

2. This matter is referred back to the magistrate judge for resolution in accordance with NECrimR 11.2(d).

Dated this 6th day of November, 2023.

BY THE COURT:

_____

Brian C. Buescher
United States District Judge