IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>KEVIN C. JOHNSON,<br><br>               Defendant. | 8:20–CR–21<br><br>**MEMORANDUM AND ORDER ON FILING 118 AND ACCEPTANCE OF DEFENDANT'S PLEA OF GUILTY** |

On November 6, 2023, this Court issued an Order stating that it was not yet accepting the Defendant's plea of guilty to Count III of the Indictment based upon an incongruity between the plea agreement and language in Count III that gave rise to certain statutory penalty enhancements. *See generally* Filing 117. As the Court explained in that prior Order, although it surmised "that the parties likely intended to dismiss this additional language in the Indictment . . . without anything in the record to confirm this the Court [could not] accept the Defendant's plea of guilty at this time." Filing 117 at 4. Accordingly, the Court referred this matter back to the magistrate judge for resolution in accordance with NECrim R. 11.2(d). Filing 117 at 4.

On November 7, 2023, the magistrate judge conferred with counsel for the Government and the Defendant, and counsel for the Government indicated that it would file a motion to strike the language at issue from Count III of the Indictment. Counsel for the Government then filed a Motion to Strike the following day. Filing 118 at 1. Specifically, the Government requests that the Court strike the following language from Count III of the Indictment (*i.e.*, Filing 1):

> Before Defendant KEVIN C. JOHNSON committed the offense charged in this Count, he had a final conviction for a serious drug felony, namely, a conviction under Neb. Rev. Stat. 28-416 for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

1

The Court construes the Government's Motion as being made pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure. *See* Fed. R. Crim. P. 48(a).[1] Upon consideration of the Government's Motion, the Court agrees that removing the above-quoted language from Count III of the Indictment resolves the dilemma that previously precluded the Court from accepting the Defendant's plea of guilty. Accordingly, the Court will dismiss the above-quoted language from Count III of the Indictment. With this language having been excised, the Defendant is no longer subject to the corresponding sentencing enhancement.

The Court has conducted a *de novo* review of the record, including the transcript of the change of plea hearing. Because the Defendant was advised at his change of plea hearing as though this language was not included in Count III, the Court now finds that his plea of guilty is knowing, intelligent, and voluntary and that a factual basis exists for the plea. The Court defers acceptance of any plea agreement until it has reviewed the presentence report, pursuant to Fed. R. Crim. P. 11(c)(3). This case shall now proceed to sentencing.

IT IS ORDERED:

1. The Court grants Filing 118, and the following language is dismissed from Count III of the Indictment:

   > Before Defendant KEVIN C. JOHNSON committed the offense charged in this Count, he had a final conviction for a serious drug felony, namely, a conviction under Neb. Rev. Stat. 28-416 for which he served more than 12 months of imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense;

2. The defendant is found guilty of Count III of the Indictment. The plea is accepted. The Court finds that the plea of guilty is knowing, intelligent, and voluntary, and that a factual basis exists for the plea;

---

[1] The Court notes that Rule 7 of the Federal Rules of Criminal Procedure permits defendants to move a court to strike surplusage from an indictment or information. Fed. R. Crim. P. 7(d). Because this Motion was filed by the Government, the Court construes the Motion pursuant to Fed. R. Crim. P. 48(a), which permits the Government to dismiss an indictment, information, or complaint with leave of the Court.

3. The Court defers acceptance of any plea agreement until it has reviewed the presentence report, pursuant to Fed. R. Crim. P. 11(c)(3); and

4. This case shall proceed to sentencing.

Dated this 13th day of November, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge